UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JOHN ANTONIO POOLE,

                     CASE NO. 09-13818

        Petitioner,

v.                             Honorable Patrick J. Duggan

DEBRA SCUTT,              Magistrate Judge Charles E. Binder

        Respondent.
_____/

At a session of said Court, held in the U.S.
District Courthouse, City of Detroit, County
of Wayne, State of Michigan on October 18, 2010.

PRESENT: THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

## ORDER DIRECTING RESPONDENT TO FILE AN ANSWER TO PETITIONER'S MOTION FOR A COPY OF THE RULE 5 MATERIALS

John Antonio Poole ("Petitioner") has filed a *pro se* habeas corpus petition pursuant to 28 U.S.C. § 2254. The habeas petition challenges Petitioner's 2002 Wayne County convictions for first-degree murder, felon in possession of a firearm, and possession of a firearm during the commission of a felony. Petitioner is serving a life sentence for the murder conviction.

In his habeas petition, Petitioner alleges that (1) his rights under the Confrontation Clause were violated, (2) his trial attorney was ineffective for failing to object to inadmissible hearsay from a non-testifying co-defendant, (3) trial counsel failed to investigate and present certain witnesses at trial, (4) trial counsel asked a question that

opened the door for the prosecutor to argue inadmissible evidence about a polygraph examination taken by prosecution witness Amanda Coddington, (5) newly discovered evidence of Woodall as a witness is exculpatory evidence requiring relief from the convictions, (6) appellate counsel was "cause" for Petitioner's failure to raise the present claims on direct appeal, and (7) the trial court's opinion and order on Petitioner's motion for relief from judgment is erroneous. Respondent Debra Scutt has filed a responsive pleading in which she urges the Court to deny the petition on the grounds that claims three through five are procedurally defaulted and Petitioner's other claims lack merit.

Pending before the Court are Petitioner's motion for an extension of time to file a reply to Respondent's answer and Petitioner's motion for an order requiring Respondent to provide him with the Rule 5 materials.[1] In the latter motion, Petitioner seeks a copy of all the Rule 5 materials filed in this case and specific information pertaining to Harold Varner, Vaudi Higginbotham, and Amanda Coddington. In his motion for extension of time, Petitioner seeks 120 days from receipt of the Rule 5 materials to file a reply to Respondent's answer to the habeas petition. The Court is unable to properly evaluate Petitioner's requests without Respondent's answer to the motions.

Accordingly,

---

[1] The Rule 5 materials are the relevant portions of the state court record. *See* Rule 5(c) and (d) of the Rules Governing Section 2254 Materials in the United States District Courts (requiring the respondent to attach to his or her answer "parts of the transcript that the respondent considers relevant," as well as a copy of the petitioner's and prosecution's appellate briefs and the appellate court's opinions and orders pertaining to the conviction or the sentence).

**IT IS ORDERED** that Respondent shall file an answer to Petitioner's Motion for an Order Requiring the Respondent to Provide Petitioner with Rule 5 materials [Docket No. 10]. The answer to the motion shall be due within **twenty-one (21) days** of the date of this order.

                                                  <u>s/PATRICK J. DUGGAN</u>
                                                  UNITED STATES DISTRICT JUDGE

Dated: October 14, 2010

Copies to:

John Antonio Poole, #350412
G. Robert Cotton Correctional Facility
3500 N. Elm Road
Jackson, MI 49201

Mark G. Sands, Esq.