UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN ANTONIO POOLE,

      Petitioner,

                                      Case No. 09-13818

v.

                                        Honorable Patrick J. Duggan

DEBRA SCUTT,

      Respondent.

_____/

**OPINION AND ORDER DENYING PETITIONER'S MOTIONS FOR AN
EXTENSION OF TIME, FOR RULE 5 MATERIALS, AND FOR A DEFAULT OR
SUMMARY JUDGMENT**

On September 28, 2009, John Antonio Poole, a state prisoner currently incarcerated

at the Kinross Correctional Facility in Kincheloe, Michigan, filed a *pro se* habeas corpus

petition pursuant to 28 U.S.C. § 2254.  Petitioner challenges his convictions of first-degree

murder, Michigan Compiled Laws § 750.316, felony-firearm, Michigan Compiled Laws §

750.227b(A), and possession of a firearm by a convicted felon, Michigan Compiled Laws

§ 750.224f.  Before this Court are several motions filed by Petitioner: (1) a motion for an

extension of time to file a reply to the responsive pleading, (2) a motion for an order

requiring Respondent to provide him with Rule 5 materials,[1] and (3) a motion for a default

_____

[1] The Rule 5 materials are the relevant portions of the state court record.  *See* Rule 5(c)
and (d) of the Rules Governing Section 2254 Cases in the United States District Courts
(requiring the respondent to attach to his or her answer "parts of the transcript that the
respondent considers relevant," as well as a copy of the petitioner's and prosecution's
appellate briefs and the appellate court's opinions and orders pertaining to the conviction
or the sentence in question).

or for summary judgment.

In his habeas petition, Petitioner alleges that (1) his rights under the Confrontation Clause were violated, (2) trial counsel failed to object to inadmissible hearsay from a non-testifying co-defendant, (3) trial counsel failed to investigate and present certain witnesses at trial, (4) trial counsel opened the door for the prosecutor to argue inadmissible evidence about a polygraph examination taken by prosecution witness Amanda Coddington, (5) newly discovered evidence of a witness is exculpatory evidence requiring relief from the convictions, (6) appellate counsel was "cause" for Petitioner's failure to raise these claims on direct appeal, and (7) the trial court's opinion and order on Petitioner's motion for relief from judgment is erroneous. Respondent has filed an answer to the petition and urges the Court to deny the petition on the grounds that Petitioner's claims are either procedurally defaulted or lack merit.

## I. Motions for an Extension of Time and for a Default or Summary Judgment

Petitioner has moved for additional time to file a reply to Respondent's answer to the habeas petition. Because Petitioner filed his reply on November 30, 2010, his motion for an extension of time to file a reply is denied as moot.

In his motion for a default, Petitioner alleges that Respondent filed an untimely response to the Court's order requiring a response to Petitioner's motion for Rule 5 materials. On October 18, 2010, the Court ordered Respondent to file a response to Petitioner's motion within twenty-one days of its order. Respondent filed a timely response twenty-one days later, on November 8, 2010. The Court accordingly denies Petitioner's motion for a default.

Petitioner has also moved for summary judgment. Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In her answer to the petition, Respondent argues that Petitioner's Confrontation Clause claims lack merit and that his remaining claims have been procedurally defaulted. Petitioner's reply fails to address these arguments, and instead focuses on his entitlement to Rule 5 materials. Because Petitioner has not established that he is entitled to judgment as a matter of law, the Court denies Petitioner's motion for summary judgment.

**II. Motion to Compel Respondent to Provide Petitioner With Rule 5 Materials**

Petitioner has moved to compel Respondent to provide him with copies of all the Rule 5 materials filed in this case. Rule 5(c) of the Rules Governing Section 2254 Cases in the United States District Courts provides, in pertinent part: "The respondent must attach to the answer parts of the transcript that the respondent considers relevant. The judge may order that the respondent furnish other parts of existing transcripts or that parts of untranscribed recordings be transcribed and furnished." The Court notes that Petitioner has submitted a detailed petition and supporting brief. Furthermore, Respondent's answer does not cite specific portions of the record. Respondent argues that the Confrontation Clause does not require reversal of Petitioner's convictions, and that Petitioner has procedurally defaulted his remaining claims. Petitioner has not demonstrated that he requires access to the Rule 5 materials he seeks, or that they are in any way relevant to his claims. An indigent petitioner does not have a right to free transcripts in order to search for error. *Bentley v. United States*, 431 F.2d 250, 254 (6th Cir. 1970). The Court therefore

declines to order Respondent to provide Petitioner with copies of all the Rule 5 materials currently on file in this case.

Petitioner also seeks copies of materials pertaining to the trial of his co-defendant, Harold Varner, and the trials of two prosecution witnesses, Vaudi Higginbotham and Amanda Coddington.  He has requested: Varner's docket journals and evidentiary hearing transcript; Higginbotham's docket journals and full plea and sentencing information; and Coddington's docket journals and transcripts from her perjury conviction and sentence. Petitioner claims that he needs information to better understand everything that occurred in his case.  Petitioner wishes to know (1) the facts surrounding Higginbotham's conviction, sentence, and confinement, (2) why Coddington was prosecuted for perjury after Petitioner's conviction, and (3) how the Detroit Police Department and Wayne County Prosecutor's Office "twisted the facts."  Petitioner also seeks to develop arguments regarding the effectiveness of his legal representation.

"Habeas petitioners have no right to automatic discovery." *Williams v. Bagley*, 380 F.3d 932, 974 (quoting *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001)).  Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts authorizes discovery in habeas cases "for good cause," but "does not 'sanction fishing expeditions based on a petitioner's conclusory allegations.'"  *Id.* (quoting *Rector v. Johnson,* 120 F.3d 551, 562 (5th Cir. 1997)).  The Rule embodies the principle that "a court must provide discovery in a habeas proceeding only 'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief.'" *Id.* (alteration in original) (quoting *Bracy v.*

4

*Gramley*, 520 U.S. 899, 908-09, 117 S. Ct. 1793, 1799 (1997)).

The facts and circumstances of Varner's, Higginbotham's, and Coddington's convictions and sentences are irrelevant to Petitioner's claims. Petitioner appears to be searching for new grounds for relief, and has failed to demonstrate that he would be entitled to relief even if the Court were to permit discovery. "The writ of habeas corpus has limited scope; the federal courts do not sit to re-try state cases *de novo* but, rather, to review for violation of federal constitutional standards." *Milton v. Wainwright,* 407 U.S. 371, 377, 92 S. Ct. 2174, 2178 (1972). Petitioner has not shown that materials he seeks would establish that his constitutional rights were violated. The Court therefore concludes that Petitioner is not entitled to a free copy of the criminal dockets and other materials from Varner's, Higginbotham's, and Coddington's cases.

### III.  Conclusion

For the reasons set forth above, the Court finds that Petitioner is not entitled to the relief sought in his pending motions.

Accordingly,

**IT IS ORDERED** that Petitioner's motion for an extension of time to file a reply is **DENIED** as moot;

**IT IS FURTHER ORDERED** that Petitioner's motion for a default or summary judgment is **DENIED;**

**IT IS FURTHER ORDERED** that Petitioner's motion for an order compelling Respondent to provide him with Rule 5 materials and state court records is **DENIED**.

5

<u>s/PATRICK J. DUGGAN</u>
UNITED STATES DISTRICT JUDGE

Dated: February 23, 2011

Copies to:

Mark G. Sands, A.A.G.

John Antonio Poole, #350412
Kinross Correctional Facility
16770 S. Watertower Drive
Kincheloe, MI 49788

6