UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN ANTONIO POOLE,                  Case No. 09-13818

       Petitioner,                              Honorable Patrick J. Duggan

v.

DEBRA SCUTT,

       Respondent.
_____/

## OPINION AND ORDER GRANTING PETITIONER'S MOTION TO EXPAND THE RECORD AND DENYING PETITIONER'S MOTION FOR AN EVIDENTIARY HEARING

On September 28, 2009, John Antonio Poole, a state prisoner currently incarcerated at the Kinross Correctional Facility in Kincheloe, Michigan, filed a *pro se* habeas corpus petition pursuant to 28 U.S.C. § 2254. Petitioner challenges his convictions of first-degree murder, Michigan Compiled Laws § 750.316, felony-firearm, Michigan Compiled Laws § 750.227b(A), and possession of a firearm by a convicted felon, Michigan Compiled Laws § 750.224f. Before the Court are Petitioner's motion for an evidentiary hearing and motion to expand the record.

In his habeas petition, Petitioner alleges that (1) his rights under the Confrontation Clause were violated, (2) trial counsel failed to object to inadmissible hearsay from a non-testifying co-defendant, (3) trial counsel failed to investigate and present certain witnesses at trial, (4) trial counsel opened the door for the prosecutor to argue inadmissible evidence about a polygraph examination taken by prosecution witness Amanda Coddington, (5)

newly discovered evidence of a witness is exculpatory evidence requiring relief from the convictions, (6) appellate counsel was "cause" for Petitioner's failure to raise these claims on direct appeal, and (7) the trial court's opinion and order on Petitioner's motion for relief from judgment is erroneous.  Respondent has filed an answer to the petition and urges the Court to deny the petition on the grounds that Petitioner's claims are either procedurally defaulted or without merit.

## I.  Motion for an Evidentiary Hearing

Petitioner has moved for an evidentiary hearing on the ground that he has obtained exculpatory evidence to prove his innocence.  According to Petitioner, the primary evidence against him at trial was the testimony of convicted felon Vaudi Higginbotham.  Petitioner claims to have new evidence which contradicts Mr. Higginbotham's testimony.  He wants an evidentiary hearing to establish his claim of innocence and to develop a factual basis for his habeas claims about trial and appellate counsel.  Petitioner asserts that he requested an evidentiary hearing at every stage of post-conviction proceedings and was rebuffed.  He maintains that an evidentiary hearing would assist the Court in assessing the merits of his constitutional claims.

Federal habeas courts may not hold an evidentiary hearing unless a claim relies on either a new and retroactive rule of constitutional law or a factual predicate that could not have been discovered previously through the exercise of due diligence *and* the facts underlying the claim would be sufficient to establish that, but for constitutional error, no

reasonable trier of fact would have found the petitioner guilty of the underlying offense.[1] Although Petitioner claims to have newly-discovered evidence of actual innocence, the Court is not persuaded that no reasonable trier of fact would have found Petitioner guilty of the underlying offenses were it not for constitutional error.

Furthermore, the Supreme Court recently held: "[E]vidence introduced in federal court has no bearing on § 2254(d)(1) review. If a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was before that state court." *Cullen v. Pinholster*, --- U.S. ----, 131 S. Ct. 1388, 1400 (2011).[2]  Review under § 2254(d)(2) is similarly limited to the

---

[1] *See* 28 U.S.C. § 2254(e)(2):

    (2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that -
      (A) the claim relies on -
         (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
         (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
      (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

[2] Section 2254(d) of Title 28, United States Code, provides:

    (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
      (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
      (2) resulted in a decision that was based on an unreasonable determination of the

"determination of the facts in light of the evidence presented in the State court proceeding." The Court accordingly denies Petitioner's motion for an evidentiary hearing.

## II.  Motion to Expand the Record

Petitioner also has moved to expand the record to include several affidavits in support of his claim of actual innocence and his third and fourth claims regarding his trial attorney.  Federal courts may expand the record to include additional materials related to the habeas petition.  *See* Rule 7(a) of the Rules Governing Section 2254 Cases in the United States District Courts.  Affidavits may be submitted and considered as part of the record.  Rule 7(b).  The Court accordingly grants Petitioner's motion to expand the record with the affidavits.  Because Petitioner has already filed the affidavits as exhibits to his motion, no further action is necessary.

## III.  Conclusion

Accordingly,

**IT IS ORDERED** that Petitioner's motion for an evidentiary hearing is **DENIED**;

**IT IS FURTHER ORDERED** that Petitioner's motion to expand the record is **GRANTED**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Dated: December 22, 2011

Copies to:

---

facts in light of the evidence presented in the State court proceeding.

4

Mark G. Sands, A.A.G.

John Antonio Poole, #350412
Kinross Correctional Facility
16770 S. Watertower Drive
Kincheloe, MI 49788